25CA1803 Peo in Interest of ZC 03-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1803
Arapahoe County District Court No. 22JV414
Honorable Shay Whitaker, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of Z.C., a Child,

and Concerning A.B.,

Appellant,

and J.W.,

Appellee.

---

APPEAL DISMISSED

Division V
Opinion by JUDGE LIPINSKY
Welling and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

---

Ron Carl, County Attorney, Tamra White, Assistant County Attorney, Aurora, Colorado, for Appellee The People of the State of Colorado

Sheena Knight, Guardian Ad Litem

Genevieve Manco, Office of Respondent Parents' Counsel, Thornton, Colorado, for Appellant

One Accord Legal, LLC, Katelyn B. Parker, Greenwood Village, Colorado, for Appellee J.W.

¶ 1    A.B. (mother) appeals the juvenile court's judgment allocating parental responsibilities for Z.C. (the child) to J.W. (father). We dismiss the appeal.

## I.    Background

¶ 2    The Arapahoe County Department of Human Services (the Department) filed a petition in dependency and neglect raising concerns about mother's mental health and her lack of supervision of the then-four-year-old child and his five half-siblings.

¶ 3    The juvenile court adjudicated the child dependent and neglected and adopted treatment plans for both parents. Two years after the Department filed the petition, the child was placed with father in Missouri. Father then moved for an allocation of parental responsibilities (APR). Nearly three years after the petition was filed, the juvenile court allocated parental responsibilities to father.

## II.    Mother's Appeal

¶ 4    The APR order required father to "support, encourage, and assist with [the child] maintaining regular contact with any of his siblings or half-siblings." Mother's sole contention in this appeal is that the juvenile court erred in entering the APR because this

provision alone "fails to adequately protect [the child] and his siblings' rights to family integrity."

¶ 5    But mother does not have standing to assert this claim because it is based only on a prospective alleged injury to the child. To have standing, a party must have suffered an injury in fact to a legally protected interest. *C.W.B., Jr. v. A.S.*, 2018 CO 8, ¶ 18, 410 P.3d 438, 443. The legally protected interest requirement recognizes that "parties actually protected by a statute or constitutional provision are generally best situated to vindicate their own rights." *Id.* (citation omitted). Except in "certain limited circumstances," a litigant cannot rest a claim for relief on the legal rights or interests of third parties. *Id.* Mother does not assert that her claim should be considered as one of these "certain limited circumstances." It is therefore not properly before us.

¶ 6    To the extent that mother asserts she is acting in the best interests of the child (or the child's half-siblings), we reject her claim because she is not the appropriate party to do so. The child's guardian ad litem, who opposed mother's request, "is expressly authorized by statute to advocate for the child's best interests at all stages of the proceedings." *Id.* at ¶ 36, 410 P.3d at 447. There is

2

no claim or indication that the child's guardian ad litem is unable or unwilling to do so.

### III.   Disposition

¶ 7    The appeal is dismissed without prejudice.

JUDGE WELLING and JUDGE TOW concur.